Consolidated Case Nos. 23-1687 & 23-1688

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

United States of America,
*Plaintiff-Appellee,*

v.

Dae Yong Lee and 940 Hill, LLC,
*Defendant-Appellants.*

_____

Consolidated Appeal from the United States District Court,
Central District of California, Case Nos. 2:20-cr-326-JFW-5, -6
Hon. John F. Walter

_____

**Appellants' Motion to Expand the Record;
Declaration of Ryan V. Fraser**

_____

John L. Littrell, Cal. Bar No. 221601
jlittrell@bklwlaw.com
Ryan V. Fraser, Cal. Bar No. 272196
rfraser@bklwlaw.com
Bienert Katzman Littrell Williams LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant-Appellants
Dae Yong Lee and 940 Hill, LLC

Pursuant to *Jamerson v. Runnels*, 713 F.3d 1218, 1226 (9th Cir. 2013), and Federal Rule of Appellate Procedure 10(e)(2) and (3), Defendant-Appellants; Dae Yong Lee and 940 Hill, LLC; by and through their counsel of record, move this Court to expand the record by accepting for sealed filing *Exhibit A* to the accompanying *Declaration of Ryan V. Fraser*, a photograph depicting the racial appearance of the subject of the prosecutor's peremptory strike during jury selection, which Mr. Lee and 940 Hill continue to challenge on appeal as racially discriminatory under *Batson v. Kentucky*, 476 U.S. 79 (1986). The government opposes this motion.

There has been no previous application to this Court for the relief sought in this motion. The district court denied an application to file the same photograph under seal in the district court. District-Court Clerk's Record, Doc. No. ("CR") 1197.

Mr. Lee surrendered two days ago, on January 2, 2024, to begin serving a 72-month prison sentence; a projected release date is not yet available.

1

# I. Introduction

When useful, this Court reviews photographic evidence of venirepersons' racial appearance to carry out *Batson* step three de novo, as Mr. Lee and 940 Hill request in their opening brief. *See also Jamerson v. Runnels*, 713 F.3d 1218, 1226–27 (9th Cir. 2013). The defendants contend the existing record satisfies their burden already. Nevertheless, there is a live dispute to which this motion relates: The defendants do not accept at face value the prosecutor's denial that he perceived the venireperson he struck as Asian. The prosecutor appears to have "disagree[d]" the venireperson was Asian as a litigation position. If so, that supports an inference that he was conscious of a well-founded *Batson* motion because it evades the real step-three issue, which is the prosecutor's actual subjective perception.

How can this Court, as a neutral fact-finder, perform the analysis required to infer what was in the prosecutor's mind? The Court should compare what the prosecutor said to what he perceived at the time. That includes the venireperson's Thai surname. It also includes the venireperson's appearance. At this point, the best and most readily available evidence of the venireperson's racial appearance is his

2

LinkedIn profile photograph. *See Exhibit A* to attached *Declaration of Ryan V. Fraser*. The government does not dispute the photograph depicts the person at issue in the strike challenged under *Batson*, but claims he looks different in his LinkedIn photo from how he looked during jury selection.

That's a red herring, because a person's racial appearance doesn't significantly change over the course of their life. The photograph is not offered to show the venireperson's level of physical fitness or haircut during jury selection; it is only offered to depict what his *race* appeared to be. That, in turn, is relevant to considering whether the prosecutor's denial of recognizing the venireperson was Asian was pretextual.

## II. Factual Background

In jury selection, the defendants objected under *Batson* to the prosecutor's peremptory strike of the last Asian venireperson. The trial court overruled the objection by finding, without supporting analysis, no discrimination in *Batson* step three. The defendants were convicted at trial and now appeal their convictions and Mr. Lee's fine.

While seeking bail pending appeal from the district court, about sixteen months after jury selection, Lee applied for leave to file the

3

venireperson's photograph in the district court as evidence of the venireperson's racial appearance. District-Court Clerk's Record, Doc. No. ("CR") 1195. The district court denied bail pending appeal, CR 1196, and, by a "Text Entry Order" two days later, denied Lee's application to file the photograph at issue in this motion. CR 1197.

Counsel for the parties met and conferred before the filing of this motion. *See Fraser Decl.*

### III. Argument

**A. Under *Jamerson* and Federal Rule of Appellate Procedure 10(e), the Court should accept the venireperson's photograph into the record because the district court erroneously rejected it and this Court cannot perform a complete totality-of-the-circumstances analysis as required for *Batson* step three without it.**

Though the government now concedes the struck venireperson is Asian, the government has defended the *Batson* ruling in part on the premise that the prosecutor did not perceive this at the time of the strike. (*See* Opp'n to Bail Pending Appeal at 12, Dkt. No. 23.1 at 18 of 37.) It was the government's first reason given in opposition to bail pending appeal with respect to the *Batson* issue. (*See id.*)

The prosecutor's perception of the venireperson's race is therefore a matter of live dispute. The prosecutor's *actual* perception determines

4

whether his denial of recognition was genuine, which is a significant disputed fact relevant to resolving the *Batson* issue. *See Boyd v. Newland*, 467 F.3d 1139, 1146 (9th Cir. 2006) ("*Batson* itself required courts to consider the 'totality of the relevant facts' and 'all relevant circumstances' surrounding the peremptory strike.").

If, as here, the trial court did not perform the sensitive, totality-of-the-circumstances inquiry in *Batson* step three in the first instance, this Court must do so. *See Jamerson*, 713 F.3d at 1226. Alternatively, it may remand for an evidentiary hearing in the district court. *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565–66 (9th Cir. 2015). At this point, though, so long after the jury selection, the more efficient and just course would be for this Court to carry out step three itself de novo. As part of that analysis, this Court should review photographic evidence of the venireperson's racial appearance. *See Jamerson*, 713 F.3d at 1226–27.

This Court may do so under Federal Rule of Appellate Procedure

5

10(e)(2),[1] because the district court denied Lee's application to file the photograph in the district court. CR 1197. As a result of that denial, under Rule 10(e)(2), the photograph's absence from the record—and the lack of visual evidence of the struck veniremember's racial appearance in the transcript of jury selection—means that his racial appearance, which was visible to the district court and attorneys at the time of the *Batson* motion, is a material omission from the record by error unless this motion is granted. Because the district court had access to the venireperson's appearance and denied the application to file the photograph, the request comes within Rule 10(e)(2). *Cf. United States v. Walker*, 601 F.2d 1051, 1055 (9th Cir. 1979) (limiting Rule 10(e) to materials and information that were before the district court).

---

[1] If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

    (A) on stipulation of the parties;

    (B) by the district court before or after the record has been forwarded; or

    (C) by the court of appeals.

Fed. R. App. P. 10(e)(2).

Alternatively, this Court should grant the motion under Rule 10(e)(3). *See* Fed. R. App. P. 10(e)(3) ("All other questions as to the form and content of the record must be presented to the court of appeals.").

The government objects that the photograph does not depict the struck venireperson's appearance at the time of jury selection. CR 1195 at 4–5. But any differences between the venireperson's appearance at trial and his appearance in his LinkedIn photograph are immaterial, because they would not reflect change in his *racial* appearance, which is all that the photo is offered to show. *See Jamerson*, 713 F.3d at 1226.

Illustrating this nuance of the use of photos in appellate *Batson* claims is *McClain v. Soto*, 600 Fed. App'x 549, 550 (9th Cir. 2015) (unpublished). There, the petitioner relied on *Jamerson* to seek a subpoena for driver-license photos in support of comparative juror analysis because the prosecutor claimed to have struck a veniremember "in part, for his extreme youth." *Id.* But race was not a relevant dispute in that case, so the Ninth Circuit denied the subpoena. *Id.* *McClain* recognized *Jamerson*'s approval of driver-license photos to reconstruct the *racial* composition of the venire—even though, much as the government has asserted here, such photos are "often outdated and

7

unrepresentative of a person's general appearance on a given day." *Id.* Driver-license photos, like any LinkedIn photo of undisputed authenticity, *are* helpful to reconstruct a juror's *racial* appearance, because racial appearance is relatively stable throughout life. *See Jamerson*, 713 F.3d at 1226; *McClain*, 600 Fed. App'x at 550.

The government also appears to object on the basis of the district court's prior restraint of online research of prospective jurors during jury selection, *see Fraser Decl.*, but that order, taken on its own terms, is no longer in effect.

**B. The defendants submit the photograph for sealed filing.**

The government contends this filing should be sealed under the Central District of California's Local Criminal Rule 49.1-2(6), which provides that documents "containing identifying information about jurors or potential jurors" are "not to be included in the public case file." *See Fraser Decl.* This Court maintains a "strong presumption in favor of public access to documents" and presumes all documents, even those filed under seal in the district court, should be filed publicly, absent an order of this Court. 9th Cir. R. 27-13(a). However, Circuit Rule 27-13(d) provides an exception for documents governed by a "procedural

8

rule requir[ing] that a brief or other document be filed under seal." 9th Cir. R. 27-13(d).

Because the district court's Local Criminal Rule 49.1-2(6) arguably qualifies as such a procedural rule, and in deference to the government on this point, Exhibit A to counsel's attached declaration is submitted for filing under seal. The defendants would not object to the Court unsealing the veniremenber's photograph if the Court finds that its Rules do not support sealing this photograph.

## IV. Conclusion

For all these reasons, and on the basis of the record in this Court and the district court and the attached declaration, the Court should accept Declaration Exhibit A, the venireperson's photograph, into the record for use in considering the defendants' *Batson* claim.

Dated:  January 4, 2024         Bienert Katzman Littrell Williams LLP

              By: */s/ Ryan V. Fraser*
                John L. Littrell
                Ryan V. Fraser

                Attorneys for Defendant-Appellants
                Dae Yong Lee and 940 Hill, LLC

## DECLARATION OF RYAN V. FRASER

I, Ryan V. Fraser, hereby declare and state as follows:

I am an attorney licensed to practice in the State of California and admitted to practice before this Court, and, together with John L. Littrell, I represent Dae Yong Lee and 940 Hill, LLC, in their consolidated appeal. I submit this declaration in support of Lee and 940 Hill's January 4, 2024, motion to expand the record with the LinkedIn profile photograph of the venireperson whose peremptory strike by the government was challenged under *Batson*. I have personal knowledge of the following facts and could and would testify competently thereto if called as a witness in this matter.

1. I understand from my own investigation, including correspondence with the prosecutors, that the LinkedIn photograph referenced as Exhibit A to this declaration, and submitted provisionally for filing under seal, depicts the prospective juror at issue in the defense's *Batson* challenge during trial, though the prosecutors contend that he looked different—they don't say how—during jury selection.

2. I met and conferred with the prosecutors by email before filing this motion. They requested I include the following comments outlining the government's opposition to the motion:

> The government intends to oppose Lee's motion to expand the record for, among other reasons, those expressed in opposition to defendant's request for the district court's consideration of the same photograph in conjunction with defendant's motion for bail pending appeal, which the district court denied. (See Dkt. No. 1195 at 3, 4-5 & Dkt. No. 1197.) The government also opposes the public filing of the juror's photograph in these proceedings. Such public filing is contrary to two local rules restricting the disclosure and dissemination of juror identities and identifying information:
>
> > **L.Cr.R. 24-1 Nondisclosure of Jurors' Identity.** Neither the Clerk nor any other person having access to the names or addresses of jurors or persons in connection with their official duties shall disclose the name or address of any juror or any person summoned for jury duty, except in connection with the summoning or notification of jurors, as certified in vouchers for payment of attendance fees and allowances, where required to do so by applicable law, or upon order of the Court.
> >
> > **L.Cr.R. 49.1-2 Exceptions.** The documents listed below **are not to be included in the public case file**, and are therefore excluded from the redaction requirements of F.R.Crim.P. 49.1 and L.Cr.R. 49.1-1: . . . (6) Documents containing **identifying information about jurors or potential jurors**.
>
> (emphases added).
>
> Further, as previously noted, Judge Walter issued an oral order barring defendant and both parties' counsel from conducting social media research on jurors relating to this trial, and defendant has not received relief from that order.

2

I declare under penalty of perjury that the foregoing is true and correct.

Signed on January 4, 2024, in Glendale, California.

By: */s/ Ryan V. Fraser*
Ryan V. Fraser
Bienert Katzman Littrell Williams LLP

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, I electronically transmitted the attached document to the Clerk's Office using the Appellate Case Management System ("ACMS") for filing and transmittal of a Notice of Electronic Filing to the ACMS registrants who have entered their appearance as counsel of record.

/s/ Leah Thompson
Leah Thompson

1